UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-11053-SRM-SSC | Date: May 29, 2025 |
| Title John DM Doe v. The Church of Jesus Christ of Latter-Day Saints, et al. | |

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Granting Leave to File *Ex Parte* Application**

On May 29, 2025, the Court received the attached email from Plaintiff's counsel requesting an informal discovery conference to address Plaintiff's unavailability to appear for his noticed May 30, 2025 deposition, as ordered by the Court (ECF 45). In it, counsel represents that Plaintiff was recently incarcerated in an unrelated state criminal matter and is unable to comply with the Court's order to be deposed on May 30, 2025. Plaintiff's counsel also represents that "counsel has already begun the process to produce [Plaintiff] for deposition, receiving the criminal court judge's signed order this afternoon which permits counsel to formally serve the correctional facility triggering the 10-day notice period" and that "June 16, 2025 is the earliest compliant date."

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-11053-SRM-SSC                    Date: May 29, 2025

Title   John DM Doe v. The Church of Jesus Christ of Latter-Day Saints, et al.

    The Court notes that its order allowed the parties to move the deposition date to "any other mutually agreeable date decided by the parties in writing." (ECF 45.)  But the parties have failed to agree on such a date.  The Court also notes that Rule 30 of the Federal Rules of Civil Procedure requires leave of the Court to depose an incarcerated person.  Fed. R. Civ. P. 30(a)(2)(B).  The Court has received no such request from Defendants despite their insistence that the deposition should proceed on May 30th.

    The request for an IDC is DENIED.  Instead, for good cause shown, the Court GRANTS Plaintiff leave to file an *ex parte* application for relief from the Court's order to appear (ECF 45).  The application should be filed **no later than May 30, 2025**.  Any opposition must be filed **no later than June 2, 2025**.  Should the parties choose to exercise their option to extend the May 30th deadline to "any other mutually agreeable date decided by the parties in writing" (ECF 45), they are to inform the Courtroom Deputy Clerk by email that no *ex parte* application on this issue is forthcoming.

**IT IS SO ORDERED.**

                                                                                                                    :

Initials of Preparer          **ts**